UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ameen A. Muhammad, | ) | C/A No. 2:20-cv-00757-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Bethany Homan, North Charleston Police Department, Hannah Marsh, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 20, 2020, the Magistrate Judge directed Plaintiff to file certain documents to bring this action into proper form for further evaluation and possible service of process. ECF No. 4. Plaintiff failed to respond to the order. On March 16, 2020, the Magistrate Judge issued a second proper form order. ECF No. 7. Plaintiff again failed to respond. On March 30, 2020, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report

and the serious consequences if he failed to do so. Plaintiff has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. This action is **DISMISSED** with prejudice and without issuance of service of process pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1]

---

[1] The Court is aware that all communications from this court have been returned as undeliverable. See ECF Nos. 4, 7, 16, 17. As noted by the Magistrate Judge, it appears Plaintiff has been released from jail. Plaintiff has failed to keep this court apprised of his address and it has no means of contacting him.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

May 6, 2020  
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.